EJJ

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Stacey D. Adams |
| | : | |
| v. | : | Mag. No. 26-15094 |
| | : | |
| VLADIMIR OSORIO | : | **CRIMINAL COMPLAINT** |

I, Joseph DeCristofaro, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

continued on the attached pages and made a part hereof.

*/s/ Joseph DeCristofaro (EJ)*
Joesph DeCristofaro, Special Agent
Federal Bureau of Investigation

Special Agent DeCristofaro attested to this Affidavit by telephone pursuant to F.R.C.P. 4.1(B)(2)(A) on this 8th day of April, 2026.

*/s/ Hon. Stacey D. Adams (EJ)*
Hon. Stacey D. Adams
United States Magistrate Judge

# ATTACHMENT A

On or about February 19, 2026, in Passaic County, in the District of New Jersey and elsewhere, the defendant,

**VLADIMIR OSORIO,**

knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess ammunition, namely one round of 9mm ammunition, and the ammunition was in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

# ATTACHMENT B

I, Joseph DeCristofaro, am a Special Agent for the Federal Bureau of Investigation. The information contained in the complaint is based upon my personal knowledge, as well as information obtained from other sources, including: (a) statements made or reported by various witnesses with knowledge of relevant facts; (b) my review of publicly available information; and (c) my review of evidence, including video surveillance, business records, and other documents. Because this complaint is being submitted for a limited purpose, I have not set forth every fact that I know concerning this investigation. Where the contents of documents and the actions and statements of others are reported, they are reported in substance and in part, except where otherwise indicated. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

**Woodland Park Shooting, February 19, 2026**

1. On February 19, 2026, Vladimir Osorio arrived at a parking garage in Woodland Park, New Jersey, driving a black Chevrolet Malibu. Osorio's arrival was captured on video surveillance footage, which captured the Malibu's license plate.

2. A couple minutes later, another person ("Individual-1") came and greeted Osorio. Osorio limped across the parking garage accompanied by Individual-1. Osorio was wearing a walking boot on his left foot and a black sneaker with a distinctive white logo on his right foot.

3. Another couple minutes later, Osorio limped back across the parking garage carrying a trunk or box. Osorio was accompanied by a different person ("Individual-2"), who was also carrying a suitcase or box. Based on video surveillance footage, Osorio placed both boxes into the back seat of the Malibu. Meanwhile, Individual-1 and another person ("Individual-3") observed.

4. Immediately following this interaction, Osorio brandished a firearm at Individual-2, who began to retreat across the parking garage. Osorio then shot the firearm in the direction of Individual-1, Individual-2, and Individual-3 (the "Individuals"). Osorio entered the Malibu and drove off. Meanwhile, the Individuals fled in the opposite direction, though one Individual shot a firearm in the direction of the fleeing Malibu.

5. Officers reported to the scene and recovered shell casings consistent with one round of 9mm ammunition fired by Osorio. This round of ammunition was manufactured outside of New Jersey, and thus traveled in interstate commerce before Osorio possessed it on February 19, 2026.

6. On or about December 1, 2023, Osorio was convicted of burglary in violation of N.J.S.A. 2C:18-2(a)(1), a third-degree offense, and sentenced to 364 days

at the county jail as a condition of 2 years' probation. On or about October 23, 2024, Osorio was convicted of obstructing the administration of law in violation of N.J.S.A. 2C:29-1(a), a fourth-degree offense, and sentenced to 113 days' time served. Prior to entering a guilty plea to obstructing the administration of law, Osorio signed a plea form that advised him that the maximum penalty for the offense was 18 months' imprisonment. Osorio thus knew that he was a convicted felon when he possessed the ammunition on February 19, 2026.

**Identification of Osorio**

7. Officers were able to identify the shooter as Osorio based on at least the following.

8. First, on or about March 4, 2026, an officer stopped the Malibu in Woodland Park, New Jersey, near the parking garage where the shooting took place. The Malibu was operated by its registered owner (the "Malibu Owner"). Osorio was captured on body worn camera in the front passenger seat. Osorio resembled the shooter as captured in video surveillance footage 13 days earlier.



February 19, 2026



March 4, 2026

9. Second, on or about March 5, 2026, a still surveillance image captured Osorio with the Malibu Driver wearing black Adidas sneakers with a white logo. These sneakers resembled those worn by the shooter two weeks prior.



February 19, 2026



March 5, 2026

10. Third, on or about February 26, 2026, Osorio was arrested in Paterson, New Jersey, on an unrelated warrant. Consistent with his limping gait a week earlier before the shooting, body camera footage captured Osorio moving gingerly and explaining that he fractured his left ankle after he slipped removing snow.

11. Fourth, on or about January 16, 2026, and January 19, 2026, Osorio provided his phone number to law enforcement officers. According to provider data, Osorio's phone is registered in the name of the Malibu Driver.